UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION,<br>et al.<br><br>    Defendants. | Civil Action No. 25-0996 (TSC) |

## ANSWER

Defendants, the Department of Transportation ("DOT") and the Council on Environmental Quality ("CEQ") (collectively the "Defendants"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiff Environmental Defense Fund's ("EDF's"), Complaint (ECF No. 1), in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 case. Defendants deny all allegations in the Complaint, including the relief sought, except when specifically admitted in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, cases, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed as, admissions that the cited materials (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this or any other action; or (c) are admissible in this or any other action.

Using the same organization and numbered paragraphs as the Complaint, the Defendants answer Plaintiff's allegations in the paragraphs of the Complaint as follows:

### INTRODUCTION

1.  The allegation in Paragraph 1 contains Plaintiff's characterization of this action, to

which no response is required. To the extent a response is deemed required, Defendants knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1.

2.      With respect to the allegations in Paragraph 2, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3.      With respect to the allegations in Paragraph 3, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4.      With respect to the allegations in Paragraph 4, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

5.      With respect to the allegations in Paragraph 5, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6.      With respect to the allegations in Paragraph 6, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7.      With respect to the allegations in Paragraph 7, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8.      Defendants admit that DOT worked with EPA on fuel economy standards. Defendants lack knowledge or information sufficient to form a belief as to the remaining

allegations in Paragraph 8.

9.      The allegations in Paragraph 9 consist of conclusions of law to which no response is required To the extent a response is deemed required, Defendants deny.

10.     With respect to the allegations in Paragraph 10, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.     With respect to the allegations in Paragraph 11, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12.     With respect to the allegations in Paragraph 12, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the

Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13.    With respect to the allegations in Paragraph 13, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.    With respect to the allegations in Paragraph 14, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.    With respect to the allegations in Paragraph 15, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.    With respect to the allegations in Paragraph 16, to the extent the allegations seek to

provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.     With respect to the allegations in Paragraph 17, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### ***DOT FOIA Request***

18.     Defendant DOT admits the allegations in Paragraph 18.

19.     Defendant DOT admits that it sent a letter to Plaintiff, reproduced as Exhibit B, on January 31, 2025, acknowledging receipt of the FOIA request at issue in this case.  Defendant DOT directs the Court to the cited letter for its true and complete contents and denies all allegations inconsistent therewith.  Defendant DOT lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19.

20.     Defendant DOT denies the allegations in Paragraph 20.

21.     DOT admits that it has not yet provided a determination or any requested records in response to the DOT FOIA Request but otherwise denies the allegations in Paragraph 21.

### *CEQ FOIA Request*

22.     Defendant CEQ admits that Plaintiff submitted a FOIA request to CEQ on February 3, 2025 ("the CEQ FOIA Request").  The remainder of the allegations in Paragraph 22 consist of Plaintiffs' characterization of the CEQ FOIA request, which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited FOIA request and denies the allegations to the extent they are inconsistent with the cited FOIA request.

23.     Defendant CEQ admits that CEQ emailed EDF on February 13, 2025, regarding the CEQ FOIA request.  The remainder of the allegations in Paragraph 23 consist of Plaintiffs' characterization of the February 13, 2025, email, which speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the cited email and denies the allegations to the extent they are inconsistent with the cited email.

24.     The allegations in Paragraph 24 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

25.     Defendant CEQ admits that as of the date of the filing of Plaintiff's Complaint, CEQ has not issued a final response to Plaintiff's February 3, 2025, FOIA request.  The remainder of allegations in Paragraph 25 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny any violation of law.

### *Importance of the FOIA Requests*

26.     With respect to the allegations in Paragraph 26, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other

purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27.     With respect to the allegations in Paragraph 27, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

28.     With respect to the allegations in Paragraph 28, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

29.     The allegations in Paragraph 29 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny any violation of law.

30.     The allegations in Paragraph 30 contain Plaintiff's characterizations of this lawsuit to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff has requested the relief described in Paragraph 30.

## JURISDICTION AND VENUE

31.     The allegations in Paragraph 31 consists of conclusions of law to which no response

is required.  To the extent a response is deemed required, Defendants admit that this Court has jurisdiction subject to the terms, conditions, and limitations of FOIA and pursuant to 28 U.S.C. §1331 and 5 U.S.C. § 552(a)(4)(B).

32.     The allegations in Paragraph 32 consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants admit that injunctive relief is available subject to the terms, conditions, and limitations of the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

33.     The allegations in Paragraph 33 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 consist of Plaintiff's characterization of this lawsuit to which no response is required.

38.     Defendants admit that DOT is an executive department of the United States and is therefore an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and subject to FOIA.  Defendants admits that DOT has possession and control of at least a portion of the requested records and is responsible for fulfilling the DOT FOIA Request. Defendants otherwise deny the allegations in

paragraph 38.

39.     Defendants admit the factual allegation in the first sentence of Paragraph 39 that CEQ is an establishment of the United States within the Executive Office of the President. The allegation in the remainder of the first sentence of Paragraph 39 consists of conclusions of law to which no response is required. With respect to the second allegation in Paragraph 39, Defendants admit that, based on the language of the request, Defendant CEQ maintains possession, custody, and control over some records which may be relevant to Plaintiff's request, to the extent that such records may exist.

## LEGAL BACKGROUND

40.     The allegations in Paragraph 40 consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

41.     The allegations in Paragraph 41 consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

42.     The allegations in Paragraph 42 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

43.     The allegations in Paragraph 43 consist of conclusions of law to which no response is required.

44.     The allegations in Paragraph 44 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

45.     The allegations in Paragraph 45 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

46.     The allegations in Paragraph 46 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

47.    The allegations in Paragraph 47 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

48.    The allegations in Paragraph 48 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

49.    The allegations in Paragraph 49 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

50.    The allegations in Paragraph 50 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

51.    The allegations in Paragraph 51 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

## FACTUAL BACKGROUND

### A. NHTSA Fuel Economy and Fuel Efficiency Standards

52.    With respect to the allegations in Paragraph 52, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

53.    With respect to the allegations in Paragraph 53, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other

purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**B. Clean Air Act Preemption Waivers**

54.     With respect to the allegations in Paragraph 54, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

55.     With respect to the allegations in Paragraph 55, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

56.     With respect to the allegations in Paragraph 56, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

57.     With respect to the allegations in Paragraph 57, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

58.     With respect to the allegations in Paragraph 58, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### C.  Light- and Medium-Duty Vehicle Multi-Pollutant Standards

59.     With respect to the allegations in Paragraph 59, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

60.     With respect to the allegations in Paragraph 60, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may

be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**D. Heavy-Duty Vehicle NOx Pollution and Greenhouse Gas Reduction Standards**

61.    With respect to the allegations in Paragraph 61, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

62.    With respect to the allegations in Paragraph 62, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**E. EDF's FOIA Request to DOT Regarding Vehicle Pollution Reduction and Fuel Economy Standards (Request No. OST-2025-1096).**

63.    Defendant DOT admits the allegations in Paragraph 63.

64.    Defendant DOT admits that EDF requested expedited processing of the FOIA

request it submitted. Defendant DOT lacks knowledge or information sufficient to form a belief as to EDF's interest. Defendant DOT otherwise denies the allegations in Paragraph 64.

65.    Defendant DOT admits the allegations in Paragraph 65.

66.    Defendant DOT admits that it sent the letter reproduced in Exhibit B to EDF on January 31, 2025.  Defendant DOT lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 66.

67.    Defendant DOT admits that it sent the letter reproduced in Exhibit E to EDF on February 26, 2025. Defendant DOT admits that the letter denied EDF's request for expedited processing. Defendant DOT lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 67.

68.    Defendant DOT admits the allegations in Paragraph 68.

69.    Defendant DOT denies the allegations in Paragraph 69.

70.    Defendant DOT admits the allegations in Paragraph 70.

71.    Defendant DOT admits the allegations in Paragraph 71.

72.    Defendant DOT denies the allegations in Paragraph 72.

73.    Defendant DOT lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 73.

74.    Defendant DOT admits that it did not provide a complete response to EDF's FOIA request by March 3, 2025, but otherwise denies the allegations in Paragraph 74.

75.    Defendant DOT denies the allegations in Paragraph 75.

76.    Defendant DOT admits that it has not yet provided a complete response to EDF's FOIA request but otherwise denies the allegations in Paragraph 76.

77.    Defendant DOT admits that it has not yet provided a complete response to EDF's

FOIA request but otherwise denies the allegations in Paragraph 77.

78.     Defendant DOT admits that it has not yet provided a complete response to EDF's FOIA request but otherwise denies the allegations in Paragraph 78.

79.     Defendant DOT admits that it evaluates vehicle pollution reduction and fuel economy and efficiency standards and programs but otherwise denies the allegations in Paragraph 79.

80.     Defendant DOT denies the allegations in Paragraph 80.

**F.  EDF's FOIA Request to CEQ Regarding Vehicle Pollution Reduction and Fuel Economy Standards (Request No. FY2025-239)**

81.     Defendant CEQ admits that Plaintiff submitted a FOIA request to CEQ dated February 3, 2025. The remaining allegations in Paragraph 81 consist of Plaintiff's characterization of the CEQ FOIA Request, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited FOIA request and deny the allegations to the extent they are inconsistent with the cited FOIA request.

82.     With respect to the allegations in Paragraph 82, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). Defendant CEQ admits that Plaintiff's February 3, 2025 FOIA request sought expedited processing.

83.     Defendant CEQ admits the allegations in Paragraph 83.

84.    Defendant CEQ admits that it emailed Plaintiff on February 13, 2025. The remaining allegations in Paragraph 84 consist of Plaintiff's characterizations of the email, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited email and deny the allegations to the extent they are inconsistent with the cited email.

85.    Defendant CEQ admits that it emailed Plaintiff on March 12, 2025. The remaining allegations in Paragraph 85 consist of Plaintiff's characterizations of the email, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited email and deny the allegations to the extent they are inconsistent with the cited email.

86.    Defendant CEQ admits it received an email from Plaintiff on March 12, 2025. The remaining allegations in Paragraph 86 consist of Plaintiff's characterizations of the email, which speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the cited email and deny the allegations to the extent they are inconsistent with the cited email.

87.    The allegations in Paragraph 87 consist of Plaintiff's characterizations of a February 13, 2025 email and a March 12, 2025 email from Defendant CEQ, which speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the cited emails and deny the allegations to the extent they are inconsistent with the cited emails.

88.    The allegations in Paragraph 88 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

89.    The allegations in Paragraph 89 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

90.    Defendant CEQ admits Plaintiff called CEQ and had a conversation with CEQ's FOIA Public Liaison Howard Sun on April 2, 2025. Defendant CEQ admits that CEQ Information Law Specialist Hector Vazquez called Plaintiff and had a conversation on April 3, 2025. Defendant

- 17 -

CEQ generally agrees with Plaintiff's characterization of the April 2 and April 3, 2025 telephone conversations.

91.    The allegations in Paragraph 91 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

92.    CEQ admits that it did not provide notice regarding any statutory deadlines. The remaining allegations in Paragraph 92 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

93.    Defendant CEQ admits that it has not yet made a final determination for FOIA request FY2025-239.

94.    Defendant CEQ admits that it has not yet made a final determination for FOIA request FY2025-239.

95.    With respect to the allegations in Paragraph 95, to the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

96.    Defendant CEQ admits that it has not yet made a final determination for FOIA request FY2025-239. Defendants deny the remainder of the allegations in Paragraph 93.

### CLAIM FOR RELIEF

### COUNT I: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Department of Transportation

97.    Defendants incorporate their responses to Paragraphs 1–96 as if fully stated herein.

98.     Defendant DOT directs the Court to the cited statute for its true and complete contents and denies all allegations inconsistent therewith.

99.     Defendant DOT directs the Court to the cited statute for its true and complete contents and denies all allegations inconsistent therewith.

100.    Defendant DOT admits that it has not yet provided a complete response to the FOIA request to DOT underlying this case but otherwise denies the allegations in Paragraph 100.

101.    Defendant DOT admits that it has not yet provided a complete response to the FOIA request to DOT underlying this case but otherwise denies the allegations in Paragraph 101.

102.    Defendant DOT admits that it has not yet provided a complete response to the FOIA request to DOT underlying this case but otherwise denies the allegations in Paragraph 102.

103.    Defendant DOT admits that it has not yet provided a complete response to the FOIA request to DOT underlying this case but otherwise denies the allegations in Paragraph 103.

104.    Defendant DOT admits that it has not yet provided a complete response to the FOIA request to DOT underlying this case but otherwise denies the allegations in Paragraph 104.

105.    DOT denies the allegations in Paragraph 105.

106.    DOT denies the allegations in Paragraph 106.

**COUNT II: VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**Council on Environmental Quality**

107.    Defendants incorporate their responses to Paragraphs 1–106 as if fully stated herein.

108.    The allegations in Paragraph 108 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

109.    The allegations in Paragraph 109 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

110.    The allegations in Paragraph 110 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

111.    The allegations in Paragraph 111 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

112.    The allegations in Paragraph 112 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

113.    The allegations in Paragraph 113 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny any violation of law.

114.    The allegations in Paragraph 114 contain Plaintiff's requests for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

115.    The allegations in Paragraph 115 contain Plaintiff's requests for relief to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

**REQUEST FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's request for relief that exceeds the relief authorized by FOIA, 5 U.S.C. § 552.

## SECOND DEFENSE

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, release of which records foreseeably would harm an interest the exemption protects, or which records are protected from disclosure by one or more applicable FOIA exclusions.

## THIRD DEFENSE

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

## FOURTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## FIFTH DEFENSE

The information, in whole or in part, that Plaintiff seeks in its FOIA request is exempt from public disclosure under the FOIA, and Defendants have not improperly withheld any information under the FOIA.

Dated: May 28, 2025
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: */s/ Brenda González Horowitz*
    BRENDA GONZÁLEZ HOROWITZ
      D.C. Bar # 1017243
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2512

*Attorneys for the United States of America*